UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAY L. THOMAS,                      :
                                    :      Civil Action No. 08-2249(JLL)
            Petitioner,             :
                                    :
        v.                          :      **OPINION**
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :


**APPEARANCES:**

        JAY L. THOMAS, Petitioner <u>pro se</u>
        P.O. Box 8124
        Saddle Brook, New Jersey 07663

**LINARES**, District Judge

        This matter is before the Court on petitioner Jay L. Thomas'
application for habeas corpus relief under 28 U.S.C. § 2254.  For
the reasons set forth below, the petition will be dismissed.

I.  <u>BACKGROUND</u>

        Petitioner, Jay L. Thomas ("Thomas"), is not presently
confined at a state correctional facility.  In fact, at the time
he filed this habeas petition, Thomas was no longer in the
custody of the State of New Jersey pursuant to the New Jersey
state court conviction that he challenges in his habeas petition.

        Thomas filed this petition on or about May 5, 2008.  He
challenges a judgment of conviction purportedly issued by the New
Jersey Superior Court on April 5, 2001, after he plead guilty to
aggravated assault and attempted theft.  Thomas alleges that he

was sentenced by the state court to a custodial term of 4½ years. (Petition at ¶¶ 1-5).

However, the judgments of conviction submitted by Thomas with his petition indicate that he was convicted by guilty plea on or about June 25, 1996, for aggravated assault and attempted theft. Thomas was not sentenced to custodial time; instead, he received a probation term of four years. See October 4, 1996 Judgment of Conviction. On April 5, 2001, a judgment of conviction was entered with respect to a charge of violation of probation. Thomas was found to have violated the terms of his probation for failing to take his medication and for being evicted from a program. No sentence was imposed. His probation term was terminated. See April 5, 2001 Judgment of Conviction. Consequently, Thomas is no longer in the custody of the State of New Jersey pursuant to a judgment of conviction.

Thomas states that he filed a direct appeal from this conviction to the New Jersey Appellate Division. He also indicates that the appeal is still pending. (Petition at ¶ 9).

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

2

Thomas brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

### III.   ANALYSIS

Thomas brings his action under 28 U.S.C. § 2254. Section 2254 provides:

> (a)   The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be *in custody* under the conviction he is attacking when the petition is *filed*, in order for this Court to

3

have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary."  Maleng, 490 U.S. at 491.  In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether the statutory 'in custody' requirement was satisfied.  Maleng, 490 U.S. at 491 (citing Carafas, 391 U.S. at 238).  The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed.  Maleng, 490 U.S. at 492 (citing Carafas, 391 U.S. at 238).  Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[1]  Maleng, 490 U.S. at 492.

_____

[1]  Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses.  See St. Pierre v. United States, 319 U.S. 41 (1943).

4

Here, it is evident that the state court conviction and sentence now challenged by Thomas had fully expired before he filed for federal habeas relief.  He was sentenced to a four year probation term in 1996, and his probation was terminated in April 2001.  Six years have passed since the April 2001 judgment of conviction was entered and petitioner was released from probation.  Thus, Thomas is not entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

A writ of *error coram nobis* has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for purposes of habeas review.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).  However, the writ of *error coram nobis* is available in federal court only for those who were convicted in federal court.  28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136 (D.N.J. 2001).  Consequently, the Court cannot construe Thomas' petition as a writ of *error coram nobis*.  Instead, petitioner's only course for relief from the collateral consequences of his expired state conviction is to bring a common law writ of *error coram nobis,* or a petition for post conviction relief, in the state court where he was convicted.[2]

---

[2]  Alternatively, this Court could dismiss the petition as unexhausted, pursuant to 28 U.S.C. § 2254(b)(1)(A), because Thomas admits that his direct appeal in state court is still pending.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).  No certificate of appealability will issue.  An appropriate Order accompanies this Opinion.

JOSE L. LINARES
United States District Judge

Dated:  5/15/08

7